IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HELEN MCCULLOUGH, | Civil No. 23-00298 JMS-KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(b) FEES |
| vs. | |
| CAROLYN COLVIN, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION
TO GRANT PETITION FOR 406(b) FEES

On January 4, 2025, counsel for Plaintiff Helen McCullough ("Plaintiff") filed a Petition for 406(b) Fees ("Petition"). ECF No. 23. On January 14, 2025, Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), filed a Response to the Petition. ECF No. 25. Therein, Defendant states that she "neither supports nor opposes" the Petition. *Id.* at 2.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. ECF No. 24. After carefully reviewing the filings and the

record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Petition.

BACKGROUND

This matter arises from Plaintiff's appeal of the Social Security Administration ("SSA") Commissioner's denial of Social Security disability insurance benefits to Plaintiff. On March 21, 2024, the district court issued its Order Reversing the Administrative Law Judge's Decision and Remanding for Further Proceedings. ECF No. 19. That same day, the Clerk of Court entered judgment in favor of Plaintiff. ECF No. 20. On June 5, 2024, the parties stipulated—with the approval of the district court—for Plaintiff's counsel to receive an award of attorneys' fees for $10,934.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and an award of costs for $402.00 pursuant to 28 U.S.C. § 1920. ECF No. 22. Plaintiff's counsel "reimbursed [Plaintiff] the full $10,934.5[0] of the EAJA award due to her extraordinary need to pay impending medical expenses for a needed procedure." ECF No. 23 at 4 (citing ECF No. 23-1 at 3 ¶ 7).

On remand, Plaintiff received a favorable hearing decision granting her application for benefits. *Id.* at 3.

Pursuant to the terms of her retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to 25% of her past-due benefits if her social security

2

appeal was successful. ECF No. 23-2. In December 2024, Plaintiff's counsel received a Notice of Change in Benefits from the SSA. ECF No. 23-4. The Notice of Change in Benefits indicates that the SSA has withheld 25% of Plaintiff's past-due benefits, $20,622.50, for purposes of paying attorneys' fees. *Id.* at 3.

On January 4, 2025, Plaintiff's counsel filed the instant Petition. ECF No. 23. Based on the Notice of Change in Benefits, Plaintiff's counsel requests an award of attorneys' in the amount of $20,622.50 fees pursuant to 42 U.S.C. § 406(b). *Id.* at 3–4. This amount is less than 25% of Plaintiff's past-due benefits award. *Id.* at 6.

## DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and §406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)). The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable. *Id.* at 807.

3

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08 (citations omitted).

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case" . . . [such that] the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1148, 1151 (quoting and citing *Gisbrecht*, 535 U.S. at 806, 808). "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148 (citing *Gisbrecht*, 535 U.S. at 807).

The Court has carefully reviewed the Petition, including Plaintiff's counsel's declaration and timesheets attached thereto, and finds that counsel met her burden in demonstrating that the requested fees are reasonable. Pursuant to the fee agreement, Plaintiff agreed to pay counsel 25% of her past-due benefits if counsel successfully represented her on appeal and owed no fees if the appeal was

unsuccessful. *See* ECF No. 23-2. Counsel's request for $20,622.50 represents less than the statutory maximum 25% of the past-due benefits awarded to Plaintiff. ECF No. 23 at 6.

Plaintiff's counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving significant past-due benefits. *See id.* at 7. "In addition, [Plaintiff] is now entitled to Medicare medical insurance for the rest of her life or upon the ending of her disability, the value of which is not accounted for in the retro-active award." *Id.* The Court thus finds no reason to reduce fees for substandard performance. In addition, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

Moreover, the Court finds that reduction is not necessary to prevent counsel from receiving a windfall. In her declaration in support of the Petition, counsel indicates that she spent 47.5 hours litigating this case. *See* ECF No. 23-1 at 3 ¶ 5. Dividing the fees requested ($20,622.50) by the hours spent (47.5) results in an hourly rate of $434.16. Courts in this circuit have regularly awarded fees with hourly rates exceeding $1,000 in similar cases. *See Kelly Kay M. v. O'Malley*, Case No.: 22-cv-01969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (granting counsel's petition for attorneys' fees pursuant to § 406(b), where the fees requested divided hours spent yielded an "effective hourly rate of $1,923.07");

*Brazile v. Comm'r of Soc. Sec.*, CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss"). The Court thus finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's counsel's request for attorneys' fees is reasonable. The Court thus FINDS AND RECOMMENDS that the district court GRANT the Petition and award Plaintiff's counsel $20,622.50 in attorneys' fees in accordance with 42 U.S.C. § 406(b).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 4, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*McCullough v. Colvin*, Civil No. 23-00298 JMS-KJM; Findings and Recommendation to Grant Petition for 406(b) Fees